UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cr-280-FDW-SCR-2

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | ORDER |
| TERICKUS J. ASBURY, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 111], on the United States of America's Motion to Dismiss [Doc. 118], and on the Defendant's "Supplement to Amend 28 U.S.C. 2255 Motion to Vacate Set Aside or Correct Sentence" [Doc. 127].

I.     **BACKGROUND**

The Defendant was charged with: conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(b)(1)(C) (Count One); distribution of crack cocaine and aiding and abetting the same in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(c) and 2 (Count Three); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Ten). [Doc. 27: Indictment]. The Indictment charged that, before the Defendant committed the offenses charged in Counts One and Three, he had final convictions for two or more serious violent felonies, i.e., common law robbery in Gaston Count Case Nos. 08CRS053106, 07CRS062169. [Id.].

On February 26, 2021, a hearing regarding the status of counsel came before a magistrate judge. [Doc. 91: Status of Counsel Transcript; see Doc. 40: *Pro Se* Motion for Inquiry of Counsel]. The Defendant explained his dissatisfaction and mistrust of counsel, including the scheduling of

trial, counsel's failure to share and review discovery with the Defendant, and counsel's presentation of plea offers to him. [See Doc. 91 at 5-8]. The Defendant's request to remove his attorney was denied, because "lawyers don't always tell people what they want to hear," but such was not grounds for counsel's removal. [Id. at 11-12].

On April 4, 2021, the Defendant agreed to plead guilty to Count Three in exchange for the Government's dismissal of the remaining counts. [Doc. 45: Plea Agreement at ¶¶ 1-2]. The written Plea Agreement sets forth Defendant's sentencing exposure of a maximum term of 20 years' imprisonment and at least three years of supervised release, unless the Defendant has been previously convicted of a serious drug felony or a serious violent felony. [Id. at ¶ 5]. The parties agreed to jointly recommend that: the amount of cocaine base known to or reasonably foreseeably by the Defendant was approximately 3.5 grams; the plea is timely for purposes of acceptance of responsibility, if applicable; and if the Court determines from the Defendant's criminal history that U.S.S.G. § 4B1.1 (Career Offender) or U.S.S.G. § 4B1.4 (Armed Career Criminal) applies, such provision may be used in determining the sentence. [Id. at ¶ 8]. The parties remained free to argue their respective positions regarding other specific offense characteristics, cross-references, special instructions, reductions, enhancements, departures, and adjustments, as well as departures or variances from the applicable guideline range. [Id.]. The United States agreed not to oppose a sentence at the bottom end of the applicable guideline range. [Id.]. The Plea Agreement further provides that: the Court would consider the advisory U.S. Sentencing Guidelines in determining the sentence; the Court had not yet determined the sentence; any estimate of the likely sentence is a prediction rather than a promise; the Court would have the final discretion to impose any sentence up to the statutory maximum for each count; the Court would not be bound by the parties' recommendations or agreements; and Defendant would not be permitted to withdraw his plea as a

result of the sentence imposed. [Id. at ¶ 7]. Further, should the Defendant breach the Plea Agreement, such would relieve the United States of its obligations under the Plea Agreement, without relieving the Defendant of his obligations or permitting the Defendant to withdraw his plea; may constitute failure to accept responsibility; and would permit the United States to proceed on any dismissed, pending, superseding, or additional charges including an Information pursuant to 21 U.S.C. § 851. [Id. at ¶ 4].

The Plea Agreement provides that there is a factual basis for the guilty plea, and that the Defendant read and understood the written Factual Basis filed with the Plea Agreement, which may be used by the Court, U.S. Probation Office, and United States without objection for any purpose, including to determine the applicable advisory guideline range or the appropriate sentence. [Id. at ¶ 11]. The Plea Agreement further provides that the Factual Basis does not necessarily represent all conduct relevant to sentencing, and that the Government may submit a Statement of Relevant Conduct to the Probation Office and present the Court with additional relevant facts for purposes of sentencing. [Id. at ¶ 12].

The Plea Agreement sets forth the rights Defendant was waiving by pleading guilty, including the right: to withdraw the guilty plea; to be tried by a jury; to be assisted by an attorney at trial; to confront and cross-examine witnesses; and not to be compelled to incriminate himself. [Id. at ¶¶ 13-15]. The Plea Agreement acknowledges that Defendant had discussed with defense counsel his post-conviction and appellate rights, whether there are potential issues relevant to an appeal or post-conviction action, and the possible impact of any such issue on the desirability of entering into the Plea Agreement. [Id. at ¶ 16]. The Defendant expressly waived "all rights to contest the conviction and sentence in any appeal or post-conviction action" except for claims of ineffective assistance of counsel and prosecutorial misconduct. [Id. at ¶ 17]. The Plea Agreement

provides that "[t]here are no agreements, representations, or understandings between the parties in this case, other than those explicitly set forth in this Plea Agreement, or as noticed to the Court during the plea colloquy and contained in writing in a separate document signed by all parties." [Id. at ¶ 23].

The Factual Basis provides in relevant part:

> On or about March 4, 2020 … in Gaston County, within the Western District of North Carolina, and elsewhere, the defendant, TERICKUS J. ASBURY, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine base, commonly called "crack cocaine," Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 941(b)(1)(C).

[Doc. 44 at 2].

A Rule 11 hearing came before the magistrate judge on April 13, 2021. [Doc. 83: Rule 11 Transcript]. The Defendant stated under oath that he received a copy of the Indictment and discussed it with his lawyer. [Id. at 3]. The United States summarized the charge and the maximum sentence in open court and the Defendant indicated that he understood. [Id.]. He had discussed with his attorney how the U.S. Sentencing guidelines may apply to his case, and he understood the Court will not be able to determine the applicable sentencing range until after the Presentence Report (PSR) is prepared and Defendant has the opportunity to comment on it, and that he would have no right to withdraw the plea if the sentence is higher than he expected. [Id. at 4-5]. The Defendant acknowledged the rights he was waiving by pleading guilty and the consequences of his plea, including the waiver of his appellate and post-conviction rights. [Id. at 5-6, 8]. The Defendant stated that he read and understood the Factual Basis and that he agreed with it. [Id. 9-10]. He confirmed that nobody threatened, intimidated, or forced him to plead guilty and nobody made him promises of leniency or a light sentence other than the terms of the Plea Agreement. [Id. 10]. The Defendant had enough time to discuss possible defenses with his attorney and he was

4

satisfied with counsel's services. [Id. 10]. The Defendant admitted that he is, in fact guilty of the charge to which he was pleading guilty. [Id. at 6].

The Presentence Investigation Report (PSR) scored the base offense level as 14 because the amount of cocaine base that was reasonably foreseeable by the Defendant was at least 2.7 grams but less than 5.6 grams pursuant to U.S.S.G. § 2D1.1(a)(5). [Doc. 65: PSR at ¶ 16]. Two levels were added because a dangerous weapon (including a firearm) was possessed, pursuant to U.S.S.G. § 2D1.1(b)(1). [Id. at ¶ 17]. This resulted in adjusted offense level subtotal of 16. [Id. at ¶ 21]. However, the Defendant is a career offender with an offense level of 32 because: he was at least 18 years old at the time of the offense of conviction; the offense is a felony that is a crime of violence or a controlled substance offense; and the Defendant has at least two prior felony convictions for a crime of violence or a felony drug offense, i.e., Case Nos. 07CRS062169 and 08CRS053106. [Id. at ¶ 22]. Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 29. [Id. at ¶¶ 23-25]. The Defendant had a criminal history score of nine and two points were added because the Defendant committed the instant offense while he was under a criminal justice sentence, resulting in a criminal history category of V. [Id. at ¶¶ 41-42]. However, the criminal history category for career offenders is VI. [Id. at ¶ 43]. This resulted in an advisory guideline range of 151 to 188 months' imprisonment followed by three years of supervised release. [Id. at ¶¶ 73, 76].

At the sentencing hearing, the Court asked the Defendant and confirmed that all of his answers at the Rule 11 hearing were true and correct, and that he would answer the same way if he were asked again. [Doc. 82: Sentencing Transcript at 3]. He also confirmed that he is guilty of Count Three. [Id. at 4-5]. The Defendant stated that he received a copy of the PSR, read it, understood it, and reviewed it with counsel. [Id. at 6]. Counsel objected to *inter alia* the firearm

enhancement and the career offender enhancement. [Id. at 6, 15]. The Court overruled the objections and adopted the PSR without change. [Id. at 28]. Counsel sought a downward variance. [Id. at 28-31]. The Government requested a 151-month sentence at the bottom of the advisory guideline range. [Id. at 32]. The Court denied the request for a variance after considering all of the relevant factors, including the Defendant's longstanding criminal conduct, and sentenced the Defendant at the bottom of the advisory guidelines to 151 months' imprisonment followed by three years of supervised release. [See id. at 38-39, 42].

On appeal, the Defendant's attorney filed a memorandum brief, asserting that there were no meritorious grounds for appeal but questioning whether the Court properly applied the career offender enhancement. The Defendant filed a *pro se* supplemental brief challenging his career offender designation. The Fourth Circuit Court of Appeals affirmed, finding that the Defendant's prior convictions for North Carolina common law robbery qualify for the career offender enhancement, and that no other meritorious grounds for appeal existed. United States v. Asbury, 2023 WL 4181254 (4th Cir. June 26, 2023).

The Defendant filed the instant § 2255 Motion to Vacate on May 30, 2024.[1] [Doc. 111]. He raises the following claims, *verbatim*:

(1) <u>Ineffective Assistance of Counsel of Violation of Due Process & Rights of Law.</u> Trail counsel was constitutionally ineffective violating Petitioner's 5th and 6th Amendment federal constitutional rights to the effective assistance of counsel. Petitioner did instruct Trail Counsel (Daniel F. Baker McIntyre III) to file a motion to suppress evidence on his behalf but failed to do so. Petitioner suffered prejudice and that theres a reasonable probability, had it not been for counsel unprofessional errors the out come of the proceeding's would have been different.
…
(2) <u>Ineffective Assistance of Counsel of Violation of Due Process Right's of Law.</u> Trail counsel violated Petitioner right to challenge anything the Government had raised Petitioner had the right to prepare a defense to claim his innocence

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

and being that trail counsel did not look into these issues trail counsel therefore denied Petitioner the right to due process. Petitioner suffered prejudice and that theres a reasonable probability that but for counsels unprofessional errors the out come would have been different.
…
(3) <u>Ineffective Assistance of Counsel of Violation of Due Process Right's Law.</u> Trail counsel was ineffective in violation Petitioner's 5th and 6th Amendment federal constitutional right's to the effective assistance of counsel. Petitioner asked counsel to file a motion for a evidentiary hearing and counsel failed to do so that there's a reasonable probability that but for counsels unprofessional errors the out come of the proceedings would have been different.
…
(4) <u>Ineffective Assistance of Counsel.</u> Trial counsel was constitutionally ineffective violating Petitioner's 5th and 6th Amendment federal constitutional right's to the effective assistance of counsel. Petitioner ask counsel to arguer for a two point reduction for minor role for his engagement in his case and counsel failed to do so and that theres a reasonable probability that but for counsels unprofessional errors the out come of the proceeding would have been different.

[<u>Id.</u> at 4-8] (errors uncorrected). The Defendant asks the Court to "grant [him] all of the requested relief in all ground's." [<u>Id.</u> at 12] (errors uncorrected). The Government filed a Motion to Dismiss, arguing that the claims are vague and conclusory, foreclosed by Defendant's guilty plea, and/or refuted by the record. [Doc. 118: Motion to Dismiss]. The Court informed the Defendant regarding his right to the Motion to Dismiss, and he was granted extensions of time to do so. [Doc. 119: Roseboro Order; <u>see, e.g.</u>, Nov. 18, 2024 Text-Only Orders]. Rather than responding, however, the Defendant filed a "Supplement to Amend…," in which he argues that the career offender enhancement was erroneously applied without jury findings pursuant to <u>Erlinger v. United States</u>, 602 U.S. 821 (2024). [Doc. 127]. He requests resentencing without the career offender enhancement. [<u>Id.</u>]. The Government has not responded. Accordingly, these matters are ripe.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence,

7

or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## II. DISCUSSION[2]

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, a petitioner must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a

---

[2] Any subclaim or argument that is not specifically addressed in this section has been considered and rejected.

probability sufficient to undermine confidence in the outcome." Id. at 694. A petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). When an ineffective assistance claim relates to a sentencing issue, a petitioner must demonstrate a "reasonable probability that his sentence would have been more lenient" but for counsel's error. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (internal quotation omitted). When applying the Strickland prejudice test in the context of sentencing, "any amount of actual jail time has Sixth Amendment significance." Glover v. United States, 531 U.S. 198, 203 (4th Cir. 2001). If the petitioner fails to meet the burden of demonstrating Strickland prejudice, a reviewing court need not even consider the performance prong. Strickland, 466 U.S. at 670.

"When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea." United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010), *as amended* (Feb. 9, 2010) (quoting United States v. Bundy, 392 F.3d 641, 644 (4th Cir. 2004)); see Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). The "guilty plea represents a break in the chain of events which has preceded it in the criminal process." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Thus, a defendant who has pled guilty "has no non-jurisdictional ground upon which to attack that judgment except the inadequacy of the plea," Bundy, 392 F.3d at 644-45, or the government's "power to bring any indictment at all," United States v. Broce, 488 U.S. 563, 575 (1989). A guilty plea also waives claims of ineffective assistance of counsel that preceded it, save for "attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not within the range of competence demanded of attorneys in criminal cases." Blackledge, 417 U.S. at 29-30.

As a preliminary matter, the Defendant's claims of ineffective assistance of counsel are vague and conclusory. United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("vague and

9

conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court") (quotation omitted). The Defendant provides almost no factual allegations in support of his claims, and he does not attempt to demonstrate prejudice; his speculative contentions that counsel provided ineffective assistance and that the outcome of the proceeding probably would have been different had counsel performed effectively, are insufficient. Id. The Defendant's claims are subject to dismissal on that basis alone.

The Defendant makes several claims that counsel was ineffective prior to his entry of a guilty plea by: failing to file a motion to suppress at his request; failing to meaningfully challenge the case and prepare a defense; and failing to request an evidentiary hearing, the subject of which the Defendant does not identify. The Defendant does not claim that counsel's allegedly ineffective performance in this regard rendered his guilty plea involuntary, therefore, these claims were waived by the Defendant's knowing and intelligent guilty plea. Blackledge, 417 U.S. at 29-30. These claims are also conclusively refuted by the record insofar as the Defendant stated, under oath, that he discussed possible defenses with counsel and that he was satisfied with counsel's services. [See Doc. 83 at 10].

The Defendant also contends that counsel was ineffective with regards to sentencing for failing to request a minor role reduction. The Defendant has not identified any factual support for such a role adjustment. Moreover, because the Defendant is a career offender, such would have had no impact on his guideline range or sentence. See United States v. Samuels, 970 F.2d 1312, 1316 (4th Cir. 1992) (except for acceptance of responsibility, the adjustments in Chapter 3 are generally inapplicable to the offense level applicable to career offenders); United States v. Stroud, 16 F.3d 413 (4th Cir. 1994) (noting that the career offender enhancement "wipe[ed] out" the benefit of being a minimal participant); see also U.S.S.G. § 4B1.1(b)* (recognizing only that the

§ 3E1.1 adjustment for acceptance of responsibility applies to a career offender's offense level). Reasonable counsel could have concluded that seeking a minor role adjustment under these circumstances would have been purposeless and, in any event, such would not have affected the Defendant's sentence whatsoever. See Knowles v. Mirzayance, 556 U.S. 111 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success"); Lockhart v. Fretwell, 506 U.S. 364, 374 (1993) (there is no prejudice where counsel fails to make an objection that is "wholly meritless under current governing case law").

Finally, in his "Supplement to Amend…," the Defendant attempts to challenge the career offender enhancement pursuant to Erlinger. Assuming *arguendo* that this claim is properly before the Court, it fails on the merits. In Erlinger, the Supreme Court held that a jury must decide whether a defendant's past offenses were committed on separate occasions for purposes of enhanced sentencing under the Armed Career Criminal Act ("ACCA"). The Supreme Court answered that question in the affirmative because the ACCA increases a defendant's statutory penalty range. Here, however, the Defendant was sentenced under the career offender guideline enhancement. He acknowledged, as part of his knowing and voluntary guilty plea that his maximum sentencing exposure for violating 21 U.S.C. § 841 was 20 years' imprisonment. [See Doc. 45: Plea Agreement at ¶ 5]; 21 U.S.C. § 841(b)(1)(C). The career offender enhancement pursuant to U.S.S.G. § 4B1.1 increased the Defendant's advisory guideline range, but it did not alter the 20-year statutory maximum sentence applicable to his § 841 offense. [See Doc. 65: PSR at ¶¶ 72-73]. The Defendant was sentenced to 151 months' imprisonment, well below the 20-year statutory maximum. Erlinger is, therefore, inapplicable and the Defendant's reliance upon it is misplaced.

11

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss is granted and the Defendant's § 2255 Motion to Vacate and "Supplement to Amend…" are dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. The United States of America's Motion to Dismiss [Doc. 118] is **GRANTED**.

2. Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 111] and "Supplement to Amend 28 U.S.C. 2255 Motion to Vacate Set Aside or Correct Sentence" [Doc. 127] are **DISMISSED AND DENIED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: February 12, 2025

Frank D. Whitney
Senior United States District Judge